May I please the court? Law enforcement's two warrantless searches of Mr. Langenberg's cell phone violated his Fourth Amendment rights. On appeal, the government does not assert that this is justified by the private search doctrine. Instead, the government asserts that Mr. Langenberg lacked standing to challenge the search and that it was a valid consent search. Both assertions are incorrect. Mr. Langenberg had a reasonable expectation of privacy in the cell phone from a law enforcement search to establish so-called standing. Further, the government failed to meet its burden to prove that Langenberg's employer had actual or apparent authority to consent to a search. Because the officer's conduct violated both trespass and reasonable expectation of privacy principles, this court should reverse the denial of the motion to suppress. Starting first with the question of standing, I think it's good to clarify that there's kind of two separate schools of thought when thinking about an employer search. There's the O'Connor line of cases, which deal with when the employer is actually a employee, is challenging the employer's search itself. And what we have here, which is a private employer, where the defendant, like Mr. Langenberg, is not challenging his private employer's search, but what he is challenging is that law enforcement needed a warrant to search his cell phone. So in thinking about reasonable expectation of privacy, under the Mancusi case, the Finley case cited, it's not a question as far as standing whether Mr. Langenberg had a reasonable expectation of privacy against his employer, which he still asserts that he did. But for standing, all he needs to establish is that he had a reasonable expectation of privacy against another third party to search his cell phone. The factors here establish that he did have that reasonable expectation of privacy against a law enforcement search. It was for his exclusive use. It was password protected. He was allowed to use it for personal reasons. He took it home that night. And there was no evidence that anyone else had access to this cell phone. So after standing, turning next to the question of whether there was a valid consent, the prosecution has not met that burden here. Turning first to actual authority. Actual authority is not about ownership. Even though the parties dispute who actually owned the cell phone, that is not what rules the day when it comes to actual authority to consent to a search. The question is mutual use, joint access, and control. Here the government did not establish or prove that there was actual use, mutual use, joint control by his employer. Question for you. How far does that extend? So if police come to my house and I pay for my child's cell phone, bought my child's cell phone, and they say, can I see your child's cell phone, we think there's some contraband on there. And I say, sure. Do I lack actual authority to consent there? And what makes this case different if I do? I think in that case, and the issue here was if you had, if there was factors apparent to law enforcement, like, no, I am able to go onto the phone. This is under my account. I use it. I have access to it. You know, my kid does not have a password that I don't know and that I don't use to look at. That would be a different circumstance. And here, there was no factors to indicate that to law enforcement, and they didn't ask any questions. It was simply, we own this phone. Go ahead and search it. And then law enforcement engaged in two warrant searches. Don't we have a similar thing here, though, with what the employee handbook said? Not so much about the ownership, but the fact that it can access, that we have the right to access the phone and look at what's on there. So our position is that the employee handbook, first off, does not apply in this case because the government did not put on any evidence that Mr. Langenberg signed or agreed to be bound by this employee handbook, like is present in other cases with similar fact patterns. And also, the employee handbook itself, even if it could be binding on Mr. Langenberg, does not explicitly cover cell phones. There's discussion of computers. There's discussion of, I think, telecommunication services. But cell phones are not explicitly mentioned in this employee handbook. And it would make sense because for the vast majority of employees here, they did not get employer-provided cell phones. Instead, the focus is on computer and email systems. And it makes sense that a cell phone wouldn't be covered by this computer provision because the employee handbook itself states you're not supposed to use these for personal use. If you're using it for personal use, your computer, it should be limited. But here, the employer admitted that Mr. Langenberg was allowed to use his cell phone for personal use and could take it home. And it was his only cell phone. The concern with trying to read these terms so broadly here, to have these, when a cell phone is not even present in the policy, is that we're talking about a waiver of someone's Fourth Amendment rights and a reasonable expectation of privacy. And this is where I think the Finley case is instructive. And there is even someone who's on probation, who generally could be thought to have a lowered expectation of privacy. And there was a probation agreement in that case that allowed search of a person, their residence, things like that, kind of the standard agreement. There, the court refused to read that agreement to cover cell phones. Let me ask you this. So is there a difference, though, between items on the phone? Because phones are complicated. I mean, the Supreme Court has recognized that there's a lot going on in the phone. Is there a difference between suppose the, and getting away from the employee contract for just a moment, is there a difference between accessing something that may include a sales contract, for example, in the business or something business related, and going to somebody's private pictures, videos, et cetera? I mean, would you want to differentiate in that way, or is that hazardous territory? I think that's kind of our position in the alternative. Like, our initial position is they couldn't look at the cell phone at all. But even looking at the handbook itself, it's really focused on things that are used for the business, or that might be part of their employment. There's no indication that the phone section of a sales, I think a floor salesperson, would have anything to do with their employment, or why that would be, if they're using this phone and provided this phone to use it for purposes of their job, why the deleted pictures would be encompassed within that. So I think it's encompassed, that's kind of our alternative argument. But I think, considering it's the government's burden to establish that this warrantless search was valid, I don't think the court needs to get into that, get into that alternative finding. What about apparent authority? You were probably getting there, but I want to make sure you cover that, because that's I think a little harder argument for your client. I think the most crucial thing is apparent authority is not about mistakes of law. It's about mistakes of fact. And by reading of the argument and reading of the record, they're not asserting that there was a mistake of fact. Again, the parties dispute ownership, but it's just a question of, were the facts that were present before the officers sufficient for a reasonable person to believe that the individual had apparent authority to consent to a search? Here all they knew was ownership. And we have from decades ago, cases from the Supreme Court that said ownership is not synonymous with apparent authority or actual authority to search. And there's cases that say ownership is not enough to establish apparent authority. The fact that someone, like here the employer, has the item is not enough to establish apparent authority. So a mistake of law, which is what this would be, cannot establish apparent authority under these circumstances. And I might be, I want to give you a chance, didn't the owner say something or the person they dealt with at the business say something like, we have the ability to access the phone or we can access the phone or something? I don't remember the exact words. So I don't remember the exact words either. I know that they basically told him, do what you want, and they gave him the passcode, which is maybe kind of the same idea. But even in those cases, all that establishes is ownership. And law enforcement officers, in these circumstances, when they're going to engage in warrantless searches, as the case is cited, established, can't just kind of put on blinders. If there's a circumstance where they're like, okay, we're given this phone, it belonged to an employee, and they're just saying, here, it's yours, you can search it, there is some burden on law enforcement to look at the circumstances of the case and look at the facts and make sure that this person actually can consent to it. And here, what's even more problematic is, and the record doesn't establish when these searches actually occurred, but a month and a half later, when law enforcement did actually take steps to try to find out ownership of the phone, which, again, is not determinative, but did take some steps to try to figure out the situation, it indicated that the phone that they said, this is the phone we purchased that we own, it was not even the same phone, which, again, further supports that it's not reasonable to rely on the apparent authority of Mr. Zork to grant consent to this search. And if it's ambiguous, it's kind of the same thing, but if it's ambiguous, you can't just move forward. Law enforcement officers still have to take steps to resolve ambiguity and figure out who has the ability to consent. I want to turn next to the question of trespass and reasonable expectation of privacy. The government doesn't really move forward or rely on anything beyond consent, but here it was a warrantless search and it was a non-lawful trespass that did require a search warrant. There's a possessory interest, even when we're talking about expectation of privacy and who owned the phone, Mr. Langenberg had a possessory interest in the cell phone. It was for his exclusive use. He took it home at night. And when law enforcement got onto the phone, both just the manual looking through the phone in the initial search and the forensic examination, they intruded on a constitutionally protected area, similar to looking through someone's, in fact, probably more intrusive than looking through someone's documents or looking through someone's letters. So even irrespective of the private search, this was a trespass requiring a warrant to allow law enforcement to search it. Jacobson is not determinative on this issue. We know from Jardines that even if someone might not have an expectation of privacy for whatever reason, if it's a trespass, a warrant is still required. Does consent take care of the trespass, though, if there is consent? I think it would. I don't know if there's an argument around that, but I think it would. There are no immediate questions. I would reserve the remainder of my time for rebuttal. Very well. Ms. Schneider, we'll hear from you. Thank you, Your Honor. May it please the Court, I'm Tori Schneider on behalf of the United States. The District Court did not err in denying Appellant's motion to suppress. I will begin with the standing issue or the expectation of privacy. Appellant did not have a Fourth Amendment expectation of privacy at the time of a law enforcement search. The government is not suggesting, prior to Mr. Stork looking at Appellant's phone and finding what he believed to be child pornography, prior to that point, the government is not asserting that Appellant did not have a limited expectation of privacy as to others. That is what differentiates this case from Finley, is that in Finley, Finley had the right to exclude others, not his employer. So, in this case, Langenberg did not have the right to exclude his employer. It was an employer purchased, issued, and paid for a cell phone, and under the computer use policy, it explicitly stated he did not have an expectation of privacy in it and its contents, and so he could not exclude his employer. His employer conducting a sexual harassment investigation internal to the company. And the allegation here is important, Your Honors. He was reported to have been recording female colleagues with that cell phone. So there was a reason for Mr. Stork to be looking in the photos section of that cell phone at the time that Mr. Stork asked for the phone. Isn't it a better argument that they both had access to the cell phone, both the employer and the employee here? It seems to me to be a stretch, because we've got the rental car cases, we have a visitor being able to exclude people when they're staying in a hotel or whatever. It just seems to me that it's a stretch to say he has absolutely no reasonable expectation of privacy whatsoever. If it weren't for that statement in the computer use policy, I would agree. However, as an alternative, absolutely, Your Honor. And that's why the apparent authority argument for the consent, I think, would absolutely seal the deal here on this. Because given the actual authority, the mutual use, the computer use policy clearly indicates that Bachmeier had access to all of the materials created on or used with the telecommunications system. They had a right, but not the duty, to monitor it, and they could access it at any time. So through that, they absolutely had mutual access or use of that phone, 100%, Your Honor. Well, the reason why I ask that question, I just want to throw this out, is the fact of the matter is, is if you didn't have the employer consent, I have a hard time saying that if he was stopped on the side of the road, had the phone with him, and he said, no, you can't search my cell phone, that he wouldn't have a reasonable expectation of privacy. To law enforcement. To law enforcement, correct. Correct. And perhaps I didn't do a fair enough job distinguishing. Those were the facts of Finley, essentially. And that is why the government said that that's what distinguishes this case from Finley. The government agrees with that assessment, Your Honor. So, given, in fact, I believe Appellant argued here today that there was no evidence that anyone else had access to the phone, and that, given the policy, is just an incorrect statement. In fact, much is made in Appellant's opening brief that the word cell phone does not appear in the computer use policy. However, in Government's Exhibit 2, at the suppression hearing, which is the revised policy, in effect at the time of this offense, that section states it's phone. Of course, it doesn't say cell phone, but it does say phone. And if you read that section of the policy, there's a subsection for personal computers. So, while it talks about computers and telecommunications systems, if this were only to apply to computers, saying computers and telecommunications systems would be redundant. And then having a subsection for personal computers would also be unnecessary if that section was not to apply to phones, and if telecommunications systems did not also include phones. So, based on the circumstances that we have here and the facts that occurred here with the initial search being done by the employer, when the employer then consented to law enforcement, at that time, Mr. Langenberg did not have a Fourth Amendment expectation of privacy. Regardless, at that time, Mr. Stork had actual or apparent authority to consent to that search, which he did, and then provided unlimited consent. And it was absolutely reasonable to rely upon Mr. Stork's consent. He told law enforcement on two separate occasions, here's the device, we purchased it, we paid for it, here it is, here's the passcode for it. You may search it, you can do whatever you need to do with it. The question is, are the facts known to law enforcement at the time? Is that reasonable to rely on? And your honors, I would submit to you that that is. An email receipt from Verizon received a month and a half later, that was the incorrect receipt, has no bearing on what law enforcement understood at the time. What the facts presented to law enforcement at the time. Furthermore, no one here is suggesting, given that that was the wrong receipt, no one here is suggesting that that cell phone wasn't the cell phone provided by the company. Mr. Langenberg isn't saying that that wasn't a company-issued cell phone. The trespass issue, your honors, is being raised for the first time here on appeal, and so the government would ask that you not consider it. In an appellant's motion to suppress, he does not make a trespass argument. He cites Jardines merely for the definition of what a search is. He does not raise the issue during the suppression hearing. In fact, the district court noted at the outset of the hearing what the issues were, and the court stated the defendant is arguing that this is somehow a governmental search. And that was the extent of everyone's understanding of what the appellant's argument was below. Regardless, the appellant does not argue that this was an unlawful search, which appellant has conceded here today that if we have consent, then it was not unlawful. So because this was a lack of a Fourth Amendment expectation of privacy at the time of law enforcement search, and the consent by the owner of the company, the government would ask, if there are no other questions, the government would ask that you affirm the district court. Thank you. Very well. Thank you for your argument. Ms. Quick, we'll hear from you in rebuttal. Your Honor, starting first with the concept or the idea of apparent authority here, if the government's position is accepted by the court, the idea that they had it, and they told them they could search it, and they were able to access it, so that meant it was apparent authority, it would be inconsistent with decades of Supreme Court precedent. Just like it's not enough for a hotel owner to own it and to have a key and give it to law enforcement, it should be not enough here for an employer to just simply state, I own this, here's the pass code, and that be enough to establish apparent authority. Just like it's not enough for a homeowner who might be renting out their home to someone to say, yes, you can search it, here are the keys. That's not enough to establish, to show that someone actually has the authority to consent. And as part of this apparent authority, I want to talk, hit at more, what's crucial to this is the court needs to take into account the nature of the device and whether the officer's reliance was reasonable. Here we're not talking about like an open crate or a box or even just a bag. We're talking about a cell phone, which from Riley v. California we know have special protections just due to the volume and the nature of information that could be on a cell phone, including information that's not even on the phone itself, information stored in a cloud that can be accessed by the cell phone. So the fact of stating it over and over again that they said they owned it, first off, there's no proof of that. They haven't put forward anything to establish that. The only testimony came from the owner, who was not around when Mr. Langenberg was hired. He vaguely testified like, well, we tell them that we still own the phone. Doesn't testify that, yes, I told Mr. Langenberg that when I provided the cell phone. He admits that it was part of the compensation package, which to me, like, considering my position, I wouldn't consider my laptop part of the compensation package if I don't own it. If it's a compensation package, it's something that's provided to you for you to have, not just a necessary thing for you to do your job, which is what a typical laptop would be for an employee that uses it. But regardless of that, just saying it and saying, well, I owned it so I told them they could search, that's not enough for an apparent authority. There needs to be facts, something established to show that a mistake of fact, not a mistake of law, that this employer had the actual authority or apparent authority to consent to the search. And if it's not apparent from the limited information they're getting from the employer, it's on law enforcement to look into the circumstance. A reasonable officer must look into it and determine whether someone has apparent authority or actual authority to consent to the search. So our position is the government can't meet its burden to establish that any consent here was valid and the search violated Mr. Langenberg's Fourth Amendment rights. And therefore, evidence should be suppressed? Evidence should be suppressed. There was the evidence of the search. I guess the district court didn't have to discuss whether the exclusionary rule would be appropriate here. And our position is the cell phone should be suppressed, the search, the forensic examination, and there was a later search of Mr. Langenberg's residence. I don't know if that search actually revealed anything. I don't know if that's in the record. But there was a search of his residence that relied upon in the search warrant affidavit what they found on the cell phone. But the district court didn't reach that issue. Thank you for your argument. Thank you. The case is submitted and the court will file a decision in due course.